IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CLAUDE CEASAR, | * | |
| Petitioner, | * | CASE NO. 1:05-CV-103 WLS |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 1:03-CR-37 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A one Count Indictment was returned in this court on November 21, 2003, charging Petitioner Ceasar with Possession of Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (R-1). On April 7, 2004, Petitioner Ceasar entered into a Plea Agreement with the Government (R-29), and pled guilty to the indicted charge (R-30). Subsequent to the preparation and report of a Pre-Sentence Investigation (PSI), a sentence hearing was conducted and petitioner was sentenced, effective July 19, 2004, to a term of 71 months imprisonment. (R-33). He did not file an appeal during the ten (10) day period thereafter in which he could have done so. *See* Rule 4(b)(1)(A), Fed.R.App.P. Hence, his sentence was final on the day after the expiration of his ten (10) day appeal time, on July 30, 2004. Under his signature of July 29, 2005, Petitioner timely (by one day) filed his present

Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and the one-year statute of limitations provided in ¶ 6 thereof.[1]

## Petitioner's § 2255 Claim

As **Ground One** of his Motion, Petitioner Ceasar states:

> Ineffective Assistance of Counsel – – lack of objection to the **Specific Offense Characteristics**: Pursuant to U.S.S.G. § 2K2.1(b)(5), if the defendant used or possessed a firearm or **ammunition** in connection with another felony offense, increase by **4** levels.

He argues that U.S. Sentencing Guideline Amendment 599, effective November 1, 2000, "clarifies the enhancement under § 2K2.1(b)(5) stating, 'this amendment also expands the application note to clarify that **offenders who receive a sentence under § 2K2.4** should not receive enhancements under . . . § 2K2.1(b)(5) (pertaining to firearms or ammunition possessed . . . **in connection with another offense**) with respect to any weapon, ammunition, or explosive **connected to the offense underlying the count of conviction sentenced under § 2K2.4**." (emphasis added). Petitioner Ceasar contends that Amendment 599 applies in his case. It does not.

Amendment 599 is an amendment to the "Application Notes" to the Commentary to **U.S.S.G. § 2K2.4**, and is applicable to all sentences the Base Offense Level of which is determined by reference to § 2K2.4. Petitioner's quote from Amendment 599 says as much.

---

[1] "A prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." *Washington v. United States,* 243 F.3d 1299, 1300, (11th Cir. 2001).

2

Petitioner Ceasar's sentence and Base Offense Level was determined by reference to **U.S.S.G. § 2K2.1.** *See* Pre-Sentence Investigation Report, ¶ 18. Amendment 599 was not made applicable to U.S.S.G. § 2K2.1. Inquiry need go no further than the <u>Historical Note</u> at the conclusion of U.S.S.G. § 2K2.1 where the applicable Amendments are enumerated. Amendment 599 is not referenced there. On the other hand, the <u>Historical Note</u> at the conclusion of U.S.S.G. § 2K2.4 does include reference to Amendment 599.

The Commission's reason for distinguishing the two Guidelines in reference to Amendment 599 is clear. Amendment 599 addresses a situation in which two or more sentences for different offenses occurring in the same course of conduct are being considered. The Commission's intent is not to double-punish a defendant by sentencing him for one offense and then also including a "relevant conduct" enhancement for the same offense in a second sentence. The Amendment states the guideline already accounts for such an enhancement. Amendment 599, amending the "Application Notes" to the Commentary to **U.S.S.G. § 2K2.4**, provides:

> If a **sentence** under this guideline in imposed **with a sentence** for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive for firearm when determining **the sentence for the underlying offense.** (emphasis added).

Petitioner Ceasar was subject to only one sentence, since he was charged with only one federal violation in the Indictment returned against him. (R-1). His single sentence is, therefore, subject to the "relevant conduct" enhancement prescribed by U.S.S.G. § 1B1.3.

In his Plea Agreement with the Government, Petitioner stipulated (admitted) that:

> The United States could prove beyond a reasonable doubt the following: On July 14, 2003, officers responded to the scene of a report of shots fired, Tanglewood Apartments, Apt.39, Blakely, Georgia. . . . Charles Jackson . . . and Defendant exchanged unfriendly words . . . Defendant grabbed a handgun from underneath his car seat and . . . standing just outside the front door, Defendant fired at least four rounds of ammunition into the apartment.

The conduct admitted, but not charged in the indictment, constituted the felony of Aggravated Assault.  U.S.S.G. § 2K2.1(b)(5) provides, as Petitioner noted, that:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense, . . .increase (the Offense) by **4** levels.

The calculation of Petitioner's sentence range was correct.  Any objection thereto would have been meritless, and defense counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Alford v. Wainwright,* 725 F. 2d 1282, 1291 (11th Cir.), cert denied, 469 U.S. 956, 105 S. Court. 355 (1984).  Therefore, Petitioner's claim of ineffective assistance of counsel is without merit.

In his **Ground Two,** Petitioner Ceasar asserts that the 4 point enhancement adopted by the district court was unconstitutional under the *Apprendi/Blakely/Booker* rulings. Petitioner's apparent contention is that the aggravated assault offense was not proven beyond a reasonable doubt by a jury.  However, the extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000)*,* made by *Blakely v. Washington,* 124 S.Ct. 2531 (2004), established that a sentence may be imposed by a judge, if it is based on the *"facts reflected*

4

*in the jury verdict or admitted by the defendant." Id,* at 2537.   The sentence in the present case was based upon the facts admitted by the Petitioner Ceasar as a part of his Plea Agreement (R-29, Section 7).  *Blakely* therefore does not affect the validity of his sentence.  *See United States v. Lucca,* 377 F.3d 927 (8th Cir. 2004).   There has been no *Apprendi/Blakely/Booker* violation.

Additionally,  "Without a demonstration of a complete miscarriage of justice, i.e., actual innocence, Sentencing Guideline issues are not cognizable in collateral attack under § 2255." *Burke v. United States,* 152 F. 3d 1329, 1332 (11th Cir. 1998).

Finally, Petitioner Ceasar contends that the 4 level enhancement to his sentence is unconstitutional under the recent *Booker* ruling.  This may have been true if Petitioner had not stipulated in his Plea Agreement his relevant conduct amounting to an aggravated assault with the weapon and ammunition that he was charged with illegally possessing.  In *United States v. Booker-Fanfan,* 125 S.Ct. 738 (2005), the United States Supreme Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review.  See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past). See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[2]

---

[2] (*Reynoldsville* at 752) (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* rulings in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review).

WHEREFORE, IT IS RECOMMENDED for all of the foregoing reasons stated that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 15th day of August 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE