**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| CLAUDE CEASAR, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | 1:05-CV-103 (WLS) |
| : | 1:03-CV-37 (WLS) |
| UNITED STATES OF AMERICA, : | |
| : | 28 U.S.C. § 2255 |
| Respondent. : | |
| _____: | |

**O R D E R**

      Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth (Tab 37), filed August 15, 2005. It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied. (Tab 35). Petitioner has filed a timely objection to the Report and Recommendation. (Tab 39). After filing his objection, Petitioner also seeks to amend his petition to add a new claim. (Tab 41). The Government has filed a response to the motion to amend. (Tab 42).

      In his objection to the recommendation, Petitioner continues to argue that U.S.S.G. Amendment 599 to the Commentary to U.S.S.G. § 2K2.4 should apply to his sentence. The record is clear, and the Magistrate Judge so found, that Petitioner was sentenced to U.S.S.G. § 2K2.1, not § 2K2.4. Accordingly, Petitioner's objection is without merit. Petitioner did not object to the Magistrate Judge's recommendation that his claim made pursuant to Apprendi/Blakely/Booker be denied.[1] Therefore, the Court rejects and overrules Petitioner's objection. (Tab 39).

      As noted previously, Petitioner now seeks to amend his petition to add a new claim. (Tab 41). Petitioner now wants to contest whether the Probation Office miscalculated his Criminal History by three (3) points. In order for this claim to be timely, as Petitioner filed

---

[1]. Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington 124 S.Ct. 2531 (2004); United States v. Booker-Fanfan, 125 S.Ct. 738 (2005).

his original petition one day before the one year AEDPA statute of limitations expired, this new claim must "relate back" under Rule 15(c). <u>Davenport v. United States</u>, 217 F.3d 1341, 1343 (11th Cir. 2000). The Court stated that for the claim to relate back, "the untimely claim must have more in common with the timely filed claim that the mere fact that they arose out of the same trial and sentencing proceedings." <u>Davenport</u> 217 F.3d at 1343. In this case, Petitioner's new claim is totally unrelated to the original claims except that it arose out of the same sentencing proceeding. Further, the Government correctly points out that even if Petitioner is correct and the Probation Office miscalculated his Criminal History score, the resulting score would still place Petitioner in Category IV and result in the same sentence. Therefore, Petitioner's motion to amend his petition to add a new claim (Tab 41) is **DENIED.**

Upon full consideration of the record, the Court finds that said Recommendation should be and hereby is, **ACCEPTED**, **ADOPTED** and made the order of this Court for reason of the findings and reasons set out therein, together with the findings made, reasons stated and conclusions reached herein. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Tab 35) is **DENIED**. Further, Petitioner's motion to amend his petition (Tab 41) is **DENIED.**

SO ORDERED, this   14th   day of December, 2005.

_/s/W. Louis Sands_
**W. Louis Sands, Chief Judge**
**United States District Court**